UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| DEANTHONY GRIFFIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV416-305 |
| | ) | |
| WILLIAM DANFORTH, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Deanthony Griffin, a state prisoner confined at Telfair State Prison in Helena, Georgia, seeks leave to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, proceeding *pro se*, endeavors to attack a judgment of conviction entered by the Effingham County Superior Court on February 18, 2005. Doc. 1 at 2. As he appears to be indigent, his motion for leave to proceed *in forma pauperis* is **GRANTED**. Doc. 2. The Court, therefore, proceeds to examine the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases.

A one-year period of limitation applies to federal habeas petitions filed by prisoners in custody pursuant to state-court judgments. 28

1

U.S.C. § 2244(d)(1). The one-year clock begins to run from the latest of several enumerated events. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Griffin concedes that he did not file within the one-year period, but he attempts to excuse his untimely filing by alleging that his appointed appellate counsel's delay in providing trial transcripts "took over six (6) years after the conclusion of the direct appeal," and that delay "necessarily forced the federal habeas to be untimely pursuant to the 1-year statute imposed by the 1996 Anti-Terrorism-Effective Death Penalty Act." Doc. 1 at 5.

Griffin's excuse might affect the timeliness of his petition in one of two ways. First, it could be construed as an argument that the delayed transcripts were a state-created impediment to his filing, so the one-year clock did not begin to run until they were provided. *Compare* 28 U.S.C. § 2244(d)(1)(B) (one-year clock runs from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"), *with* doc. 1 at 5 (characterizing delay in provision of transcript as "state impediment" because appellate counsel was state-paid). Alternatively, it could be construed as an argument that the one-year clock was equitably tolled by

the delayed transcripts. If either of those arguments were viable, Griffin's petition might be timely.[1]

Both arguments fail. Attorney incompetence, even when that attorney is provided by the state, is not the kind of impediment that delays the start of the one-year clock. *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) (petitioner's "assertion that the State impeded him from timely filing by providing an incompetent attorney to assist him ... is meritless," and "not the type of State impediment envisioned in § 2244(d)(1)(B)"). An incompetent attorney also fails to qualify as an extraordinary circumstance warranting equitable tolling. *Id.* at 1226 (state's provision of an incompetent attorney "is not an extraordinary circumstance that warrants the application of equitable tolling"). The delay in the furnishing of the transcripts, therefore, could not alter the running of the one-year clock.

---

[1] Based on the information in the petition, it is not clear that it would be timely, even if the delayed transcripts could affect the one-year clock. The Georgia Supreme Court affirmed his conviction in June, 2006. *See* doc. 1 at 2; *see also Griffin v. State*, 280 Ga. 683, 683 (2006). It is not clear when he filed his state habeas petition, but it was denied as time barred in August, 2015. *Id.* at 3. Since approximately nine years elapsed between the conclusion of Griffin's direct appeal and the denial of his state habeas petition, there are still several years unaccounted for, even assuming the six-year delay. It is possible that the pendency of his state habeas petition accounts for that period. However, since the Court finds that the delayed transcripts do not provide any basis to alter the one-year clock, which Griffin concedes has run out, further analysis is not necessary.

3

Since Griffin's § 2254 petition is untimely by many years, it should be **DISMISSED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this <u>25th</u> day of January, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA